281 So.2d 70 (1973)
Carolyn D. WALDRON, Individually, et al., Appellants,
v.
John Harvey KIRKLAND et al., Appellees.
No. 72-793.
District Court of Appeal of Florida, Second District.
July 25, 1973.
William A. Seacrest of Peterson, Carr & Harris, P.A., Lakeland, for appellants.
Thomas L. Clarke, Jr., of Langston & Massey, Lakeland, for appellees.
*71 LILES, Acting Chief Judge.
Appellants brought suit against Wilbur W. Deagen, John Kirkland and State Farm Mutual Insurance Company for punitive and compensatory damages. John Kirkland was the active tortfeasor and driver of the automobile which collided with the appellants. Wilbur W. Deagen, stepfather of John Kirkland, was the owner of the vehicle and the insurance company was the liability carrier for Deagen.
The count for punitive damages was based on the allegation of the flagrant and reckless misconduct of John Kirkland in operating the automobile while under the influence of intoxicating beverages to such an extent that his normal faculties were impaired. Wilbur Deagen testified in his deposition that he had no knowledge of John Kirkland having ever consumed alcoholic beverages, not only on the date of the accident, but anytime in the past. Upon this information the trial judge granted a partial summary judgment on the claim of punitive damages as to Wilbur Deagen.
Appellants maintain that this was error and assert that under the dangerous instrumentality doctrine the owner is vicariously liable for punitive damages whether or not he knew of or should have known of Kirkland's propensity to consume alcohol and that such knowledge is irrelevant.
The question of whether or not an owner without fault is vicariously liable for punitive damages has not heretofore been decided in Florida. It is clear from Mr. Deagen's deposition that he did not know his stepson drank or was drinking on the date of the accident or had ever consumed alcoholic beverages. He testified that he forbade alcoholic beverages on his premises and from the testimony we conclude that had he known of his stepson's propensity to consume alcoholic beverages he would not have consented to his stepson's use of the car.
It is clear Mr. Deagen will be liable for compensatory damages based upon the dangerous instrumentality doctrine. This doctrine is premised on the belief that victims injured by a dangerous instrumentality should be compensated even though it means placing vicarious liability on an owner who is often without fault. Public policy is not served by also imposing liability upon owners without fault in the area of punitive damages.
The purpose of assessing punitive damages is well established in Florida. It is a form of punishment for wrongdoers. Here, punitive damages assessed against Wilbur Deagen, who is without fault, will in no way punish John Kirkland, the active tortfeasor.
In view of our decision it is unnecessary to decide the question of whether punitive damages, if allowed against an owner only vicariously liable, are payable by means of the owner's liability insurance.
For the foregoing reasons, we affirm.
HOBSON and McNULTY, JJ., concur.