372 So.2d 116 (1979)
MERCURY MOTOR EXPRESS, INC., Appellant,
v.
Patricia Lynn SMITH, Etc., Appellee.
No. 78-1710.
District Court of Appeal of Florida, Third District.
May 22, 1979.
Rehearing Denied July 10, 1979.
Papy, Duval, Poole & Usich and Sheridan K. Weissenborn, Coral Gables, for appellant.
Headley & Headley, Daniels & Hicks and Mark Hicks, Miami, for appellee.
Before HENDRY, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from a final judgment against it in a wrongful death action. The final judgment awarded appellee, plaintiff below, $400,000 compensatory and $250,000 punitive damages. Appellant paid the compensatory damage award and has appealed only the punitive damage portion of the final judgment.
Appellant raises two points on appeal, both of which raise the same legal issue. The issue presented is whether a corporate employer and Interstate Commerce Commission permit holder can be liable in punitive damages for the willful and wanton misconduct of its employee while acting within the scope of his employment and operating a tractor and trailer leased by the corporate employer and operated under its permit. In this case, the employee was operating the tractor and trailer while intoxicated and, as a result, ran off the road and killed David J. Faircloth, Jr. Subsequently, the employee driver was charged and pleaded guilty to manslaughter. The case was both pleaded and submitted to the jury on the theory that this issue could be decided in the affirmative.
*117 Florida has long followed the majority rule that a jury may assess punitive damages against a corporate employer when its employee, acting within the scope of his employment, has been guilty of willful and wanton misconduct, such as in this case. See, e.g., Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978); Bould v. Touchette, 349 So.2d 1181 (Fla. 1977); Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936); Joab, Inc. v. Thrall, 245 So.2d 291 (Fla. 3d DCA 1971); and Wackenhut Corp. v. Greene, 238 So.2d 431 (Fla. 3d DCA 1970). Compare Simmons v. King, 478 F.2d 857 (5th Cir.1973), and Wellman v. Liberty Mutual Insurance Company, 496 F.2d 131 (8th Cir.1979). But see Alexander v. Alterman Transport Lines, 350 So.2d 1128 (Fla. 1st DCA 1977). Based upon the principles set forth in these cases, we are of the opinion that appellant has failed to show any reversible error in the proceedings below. Accordingly, the final judgment appealed is affirmed.
Affirmed.