387 So.2d 422 (1980)
Hooper ALEXANDER, III, As Administrator of the Estate of Margaret M. Alexander, Deceased, Appellant,
v.
ALTERMAN TRANSPORT LINES, INC., a Florida Corporation, and Charles E. Penley, Appellees.
No. MM-450.
District Court of Appeal of Florida, First District.
August 4, 1980.
Rehearing Denied September 11, 1980.
*423 Joseph D. Farish, Jr. and Louis L. Williams of Farish, Farish & Romani, West Palm Beach, for appellant.
E. Harper Field and Albert W. Whitaker of Keen, O'Kelley, Field & Ellis, Tallahassee, for appellees.
LARRY G. SMITH, Judge.
Appellant, plaintiff below, urges that the trial court committed error: (1) in allowing the defendant to introduce evidence of Ms. Alexander's age, (2) in not receiving into evidence the tax returns of defendant Alterman and in not imposing sanctions for Alterman's failure to produce net worth statements, (3) in refusing to admit interrogatory answers. The defendant cross-appeals, urging that the trial judge erred in denying its motion for a directed verdict on the claim for punitive damages. As to the points raised by plaintiff, we find no reversible error and affirm; as to defendant's cross-appeal, we affirm.
Alterman Transport Lines, Inc., and Charles Penley were sued for compensatory and punitive damages for an accident caused by employee Penley, in the operation of Alterman's truck, which resulted in Ms. Alexander's death.
After plaintiff had introduced evidence regarding Ms. Alexander's personal life, the defendant, on cross, elicited her age and despite plaintiff's objection, this information was allowed to go to the jury. Under the circumstances, even if we agree that the age of the decedent was not material to any issue in the case, the plaintiff introduced matters which were just as immaterial, so that plaintiff cannot be heard to complain. Applying the rule that "Harmful error does not result unless such evidence is pursued to the point that it is calculated to unduly excite the passions and prejudices of the jurors," Le Fever v. Bear, *424 113 So.2d 390, 392 (Fla. 2nd DCA 1959), we find any error on this point was harmless, and does not require reversal.
In Tallahassee Democrat, Inc. v. Pogue, 280 So.2d 512 (Fla. 1st DCA 1973), this court ruled that tax returns and profit and loss statements are not competent evidence of net worth and are, therefore, inadmissible. The Florida Supreme Court, in Tennant v. Charlton, 377 So.2d 1169 (Fla. 1979), disapproved of this decision and adopted the decision of the Second District in Charlton v. Tennant, 365 So.2d 418 (Fla. 2nd DCA 1978), holding that a plaintiff seeking punitive damages is entitled to "discovery" of defendant's income tax returns and business statements, subject to control of the trial judge under Florida Rule of Civil Procedure 1.280(c), permitting the court to make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires. We assume from the holding in Tennant v. Charlton, supra, that such tax returns and other business statements would be admissible in a case deemed to warrant submission of the punitive damage claim to the jury; but it by no means follows that tax returns are the only method of establishing financial resources. Furthermore, we do not foreclose the possibility that circumstances might justify the trial court's refusal to allow their introduction into evidence, for good cause shown, where equally conclusive evidence of financial worth in other forms is available. However, since the exclusion in this case was not based upon any good cause shown, we must conclude that it was error for the trial court to exclude the tax returns.
Although precluded from introducing Alterman's tax returns, the plaintiff did introduce Alterman's latest financial statement and other evidence sufficient to show a net worth of almost $10,000,000.00, and profits for the previous year of over $1,000,000.00. The jury thus had before it ample evidence of financial worth upon which to base a much larger punitive damage award if it had chosen to do so. We note from Rinaldi v. Aaron, 314 So.2d 762 (Fla. 1975), that evidence of financial worth, although admissible, is not a requisite to an award of punitive damages, and further:
... that in determining the amount of punitive damages, the jury may consider the nature, extent, and enormity of the wrong, the intent of the party committing it and all circumstances attending the particular incident, as well as any mitigating circumstances which may operate to reduce without wholly defeating such damages, ... (Id. at 763).
Obviously, other factors present in this case militated against a higher award. Our review of the entire proceeding convinces us that prejudice to plaintiff by the exclusion of Alterman's tax returns has not been shown, and consequently, the error does not warrant reversal.
Plaintiff-appellant cites no authority to this court supporting his contention that his oral motion for sanctions, made during trial, warrants reversal. Sanctions should be imposed only where the refusal was willful or done in bad faith, Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971). We find the record as presented inadequate to support a finding that sanctions should have been imposed, Walker v. Senn, 340 So.2d 975 (Fla. 1st DCA 1976).
Plaintiff is correct in asserting that interrogatories are admissible into evidence, Boutwell v. Bishop, 194 So.2d 3 (Fla. 1st DCA 1967), Camerano v. Camerano, 340 So.2d 1200 (Fla. 4th DCA 1976), Florida Rules of Civil Procedure, Rule 1.340. Furthermore, although the court rejected the interrogatories in toto, a proffer was still necessary in order for this court to determine whether the error requires reversal. Mitchell v. State, 321 So.2d 108 (Fla. 1st DCA 1975), cert. dism., 345 So.2d 425 (Fla. 1977). Furthermore, since plaintiff did introduce depositions of corporate officers and expert testimony regarding Alterman's net worth, we conclude that the information sought to be produced by means of the answers to interrogatories would be cumulative at best. All things considered, we also find this error does not require reversal.
*425 We turn next to appellee Alterman's cross-appeal seeking reversal of the award of punitive damages. Appellee contends that the evidence tending to show that its driver, Penley, was intoxicated when he appeared at the terminal on the morning of the accident, and that Alterman either knew or in the exercise of reasonable care should have known of his condition when he took charge of the truck, demonstrates at best only gross negligence, which is insufficient for the award of punitive damages, citing Ellis v. Golconda Corporation, 352 So.2d 1221 (Fla. 1st DCA 1977), and Clooney v. Geeting, 352 So.2d 1216 (Fla. 2nd DCA 1977).
In Ellis v. Golconda, supra, this court held that the evidence did not rise to the level of that wanton, reckless, malicious or oppressive character required to support an award of punitive damages against the corporate employer. However, since the facts are not remotely similar to the facts in this case, no comparison of the two cases can be made so as to be of any assistance in deciding this case.
In Clooney v. Geeting, supra, the court held that the trial judge did not commit error in striking Clooney's claim for punitive damages against a corporate employer based on allegations that the employer knew that its driver, Geeting, was neither physically nor mentally able to properly drive the truck on the day of the accident, and that its safety manager had pointed this out prior to the accident. At first glance these allegations seem to present facts similar to this case. However, one important factor distinguishes the cases: In Clooney, there were no allegations that the driver, for whose actions the corporate employer was liable, was himself guilty of willful, wanton or outrageous conduct in causing the accident; whereas, such allegations and proof of willful, wanton or outrageous conduct on the part of the driver were present in this case.
There was ample evidence that the driver, Penley, in this case was intoxicated at the time of the accident. Florida law now clearly holds that juries may award punitive damages against an intoxicated driver who is involved in an accident without regard to external proof of carelessness or abnormal driving, because "the voluntary act of driving `while intoxicated' evinces, without more, a sufficiently reckless attitude for a jury to be asked to award punitive damages if it determines liability exists for compensatory damages." Ingram v. Pettit, 340 So.2d 922 (Fla. 1976). In our prior decision, Alexander v. Alterman, 327 So.2d 860 (Fla. 1st DCA 1976), hereafter Alterman I, we followed the same reasoning as did the court in Clooney v. Geeting, supra, in holding that "bare allegations of gross negligence" on the part of an employee in operating an employer's motor vehicle are not sufficient to sustain a claim for punitive damages against the employer. This element of pleading and proof, as required by our prior decision, was fully satisfied in this case. Furthermore, as examination of the opinion will show, there is nothing in our second decision involving this case, Alexander v. Alterman Transport Lines, Inc., 350 So.2d 1128 (Fla. 1st DCA 1977), hereafter Alterman II, that requires willful, wanton or outrageous conduct on the part of the employer, Alterman, independent of the willful, wanton or outrageous conduct of its driver, as a prerequisite for an award of punitive damages against Alterman. In Alterman II, this court held the complaint was insufficient as a basis for punitive damages against Alterman, stating (Id. at 1130):
... But, what wrong did Alterman commit that demanded it be punished? According to the third amended complaint, Alterman's gross negligence was solely the act of operating a trucking business. Not a single allegation is found as to Alterman's negligently failing to investigate or to otherwise verify Penley's ability to operate its truck in a law abiding manner; there is not a single allegation that Alterman knew or should have known Penley's propensity to consume alcoholic beverages; there is not a single allegation that Alterman knew or should have known that Penley would *426 operate its truck in a "grossly negligent manner and with outrageous, willful, wanton and utter disregard for other vehicles and users."
* * * * * *
Query: What knowledge, actual or constructive, did Alterman possess of the likelihood that its driver would engage in such conduct that Alterman would be subjected to a punitive civil penalty for the criminal actions of its employee?
.....
Although from examination of this court's Alterman II opinion it appears that the court rejected the possibility of Alterman's vicarious liability for punitive damages under the doctrine of respondeat superior, based upon allegations that Penley drove while under the influence of alcohol and at such a speed as to be adjudicated guilty of manslaughter,[1] the opinion as above quoted clearly recognized the possibility of Alterman's liability for punitive damages based upon negligent hiring or entrustment.
Our examination of the record confirms that both the evidence and the jury instructions upon which the award of punitive damages against Alterman was based conform to the requirements of the law as set forth in our two prior opinions. Upon remand, following our opinion in Alterman II, the plaintiff again amended the complaint, alleging, among other things:
(f) Defendant Alterman Transport Lines, Inc., knew or, in the exercise of reasonable care, should have known that . . on the day of the incident herein alleged ... immediately prior to embarking on his work assignment, defendant Penley was in no condition to drive and operate said tractor-trailer truck since he was under the influence of alcohol or some other drug or narcotic to the extent that his normal faculties were impaired, making it unsafe for him to drive and operate said vehicle and with utter disregard to Margaret M. Alexander and the other vehicles and users of said roadway.
The evidence conclusively established that Alterman's driver was visibly drunk at the time of the accident, and, although conflicting on this point, there was evidence from which the jury could have concluded that Penley was visibly intoxicated when he left Alterman's Orlando terminal at noon on that day. Penley himself testified that he had been out drinking until late the night before, had consumed alcohol again that morning before going to the terminal, and that he had consumed no alcohol from the time he left the terminal in the truck up to the time of the accident.
Furthermore, the issue of Alterman's knowledge of Penley's condition was squarely presented to the jury under the following jury instructions:
If you find for Hooper Alexander, III, and find also that either defendant whom you found to be liable to Hooper Alexander, III, acted with malice, moral turpitude, wantonness, willfullness, or reckless indifference to the rights of others, you may in your discretion assess punitive damages against such defendants as punishment and as a deterent to others.
* * * * * *
If you find that the defendant, Alterman Transport Lines, Inc., knew or in the exercise of reasonable care should have known that Charles E. Penley had a record for driving recklessly and carelessly or had a chronic drinking problem or was under the influence of alcohol immediately prior to embarking on his work assignment, then you may find the defendant Alterman Transport Lines, Inc. liable for punitive damages to the plaintiff.
We conclude that the punitive damage issue was one for resolution by the jury, and was properly submitted to it under our prior decisions governing this case.
Accordingly, the judgment is AFFIRMED.
BOOTH and LARRY G. SMITH, JJ., concur.
ERVIN, J., specially concurs with opinion.
*427 ERVIN, Judge, specially concurring.
I concur in the views expressed by the majority as to the points raised by plaintiff's appeal. As to defendant's cross-appeal, I concur in the result only. I remain of the same view, expressed in my dissent to Ellis v. Golconda Corp., 352 So.2d 1221, 1229 at n. 1 (Fla. 1st DCA 1977), that Alexander v. Alterman Transport Lines, Inc., 350 So.2d 1128 (Fla. 1st DCA 1977), incorrectly rejected a claim for punitive damages, which was based upon a theory of respondeat superior.
NOTES
[1] A directly contrary view has been applied by the Third District in Mercury Motors Express, Inc. v. Smith, 372 So.2d 116 (Fla. 3rd DCA 1979).