393 So.2d 545 (1981)
MERCURY MOTORS EXPRESS, INC., Petitioner,
v.
Patricia Lynn SMITH, As Personal Representative of the Estate of David Jefferson Faircloth, Jr., Deceased, and for the Benefit of David Jefferson Faircloth, III, a Minor, Son of David Jefferson Faircloth, Jr., Deceased, Respondent.
No. 57368.
Supreme Court of Florida.
January 22, 1981.
*546 Sheridan K. Weinstein of Papy, Poole, Weissenborn & Papy, Coral Gables, for petitioner.
Headley & Headley, Miami, and Mark Hicks of Daniels & Hicks, Miami, for respondent.
Larry Klein, West Palm Beach, for The Academy of Florida Trial Lawyers, amicus curiae.
ALDERMAN, Justice.
We accept jurisdiction of this case because the decision of the district court, reported at 372 So.2d 116 (Fla. 3d DCA 1979), conflicts with Alexander v. Alterman Transport Lines, Inc., 350 So.2d 1128 (Fla. 1st DCA 1977).
Richard Welch, an employee of the petitioner, Mercury Motors Express, while driving a tractor-trailer for his employer, lost control of the vehicle, drove off the road, and hit David J. Faircloth, Jr., causing his death. Respondent, the personal representative of the decedent's estate and the plaintiff in the trial court, alleged that Welch, "while acting in the scope of his employment with the Defendant, MERCURY MOTORS EXPRESS, INC.," was "driving and operating the said vehicle while under the influence of alcohol to the extent that his ability to drive was impaired and did so in a reckless and negligent manner and at an excessive rate of speed, with a willful and wanton disregard for the life and safety of others... ." Mercury Motors does not dispute these factual allegations, and for the purpose of our review, we accept them as true. When the case was tried, the jury awarded the plaintiff $400,000 compensatory and $250,000 punitive damages. Mercury Motors paid the compensatory damage award and appealed only the punitive damage judgment. In a brief opinion, the district court said that the legal issue presented "is whether a corporate employer and Interstate Commerce Commission permit holder can be liable in punitive damages for the willful and wanton misconduct of its employee while acting within the scope of his employment and operating a tractor and trailer leased by the corporate employer and operated under its permit." Mercury Motors Express, Inc. v. Smith, 372 So.2d at 116. The district court, concluding that "a jury may assess punitive damages against a corporate employer when its employee, *547 acting within the scope of his employment, has been guilty of willful and wanton misconduct, such as in this case," affirmed the award of punitive damages. 372 So.2d at 117. We quash the decision of the district court and hold that, in the absence of some fault on the part of the corporate employer, it is not punitively liable for the willful and wanton misconduct of its employees.
We begin our analysis of this case by affirming the long-established Florida rule that "the liability of a corporate master for punitive or exemplary damages for wanton or malicious torts committed by an agent or servant is no different from the liability of an individual master under the same circumstances." Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 221 (1936). The fact that the employer in this case is a corporation rather than a natural person is not legally significant.
The determinative issue is under what circumstances may an employer under the doctrine of respondeat superior be held vicariously liable for punitive damages as the result of the willful and wanton misconduct of his employees committed while acting in the scope of their employment. Relevant to this issue is the distinction between compensatory and punitive damages. The objective of compensatory damages is to make the injured party whole to the extent that it is possible to measure his injury in terms of money. The plaintiff received $400,000 for compensatory damages, and the sufficiency of that award is not questioned. Punitive damages, on the other hand, go beyond the actual damages suffered by an injured party and are imposed as a punishment of the defendant and as a deterrent to others. Fisher v. City of Miami, 172 So.2d 455 (Fla. 1965).
Plaintiff effectually argues that under the doctrine of respondeat superior, an employer without fault on his part will always be vicariously liable for punitive damages for the willful and wanton misconduct committed by his employees within the scope of their employment. We reject this argument.
In Alexander v. Alterman, the First District Court, in a similar factual situation, held that the plaintiff's complaint was sufficient to allege liability on the part of the employer for compensatory damages caused by the negligent acts of its truck driver employee, but appropriately asked: "[W]hat wrong did Alterman commit that demanded that it be punished?" Answering that question, the district court said:
According to the third amended complaint, Alterman's gross negligence was solely the act of operating a trucking business. Not a single allegation is found as to Alterman's negligently failing to investigate or to otherwise verify Penley's ability to operate its truck in a law abiding manner; there is not a single allegation that Alterman knew or should have known Penley's propensity to consume alcoholic beverages; there is not a single allegation that Alterman knew or should have known that Penley would operate its truck in a "grossly negligent manner and with outrageous, willful, wanton and utter disregard for other vehicles and users"... .
[T]he third amended complaint before us contains no allegation from which a jury could lawfully infer that the corporate defendant was negligent by employing or retaining in its employment the defendant, Penley, or that he possessed dangerous propensities known or which should have been known to his employer.
350 So.2d at 1130. The First District Court correctly held that in the absence of fault, an employer is not vicariously liable for punitive damages as the result of the actions of its employees within the scope of their employment.
After the district court's decision in Alexander v. Alterman Transport Lines, Inc., 350 So.2d 1128 (Fla. 1st DCA 1977), the plaintiff in that case was allowed to amend his complaint as to punitive damage, and, when the case was tried, he was awarded punitive damage against the employer. The case was again appealed to the First District Court of Appeal which affirmed the punitive damage award. Alexander v. Alterman *548 Transport Lines, Inc., 387 So.2d 422 (Fla. 1st DCA 1980). The amended complaint on which the case was tried alleged that Alterman Transport Lines knew or, in the exercise of reasonable care, should have known that immediately prior to embarking on his work assignment, its employee was in no condition to drive and operate his truck since he was under the influence of alcohol or some other drug or narcotic to the extent that his normal faculties were impaired, making it unsafe for him to drive. The issue of Alterman's knowledge of its employee's condition was presented to the jury by the court's instructions. In the most recent Alexander decision, it is clear that the plaintiff alleged and the jury found fault on the part of the employer.
Alterman sought reversal of the punitive damage award by contending that even if its employee was intoxicated when he appeared at the terminal on the morning of the accident and even if it either knew or, in the exercise of reasonable care, should have known of his condition when he took charge of the truck, such conduct on its part was not sufficiently willful, wanton, or outrageous to justify an award of punitive damages. The district court correctly rejected this contention and held that willful, wanton, or outrageous conduct on the part of the employer, independent of the willful, wanton, or outrageous conduct of its employee-driver, is not a prerequisite to the vicarious punitive damage liability of the employer. In its earlier decision, the First District properly rejected the possibility of Alterman's vicarious liability for punitive damages under the doctrine of respondeat superior, where the plaintiff alleged the willful, wanton, or outrageous conduct of the employee within the scope of his employment but failed to allege any fault on the part of the employer. A different result was justified in the subsequent case because the plaintiff alleged and proved not only willful, wanton, or outrageous conduct on the part of the employee but also negligence on the part of the employer which contributed to the plaintiff's injury. Under those circumstances, the employer was properly held vicariously liable for punitive damages based upon the willful, wanton, or outrageous conduct of its employee.
An analogous situation involving the dangerous instrumentality doctrine was presented to the Second District Court in Waldron v. Kirkland, 281 So.2d 70 (Fla. 2d DCA 1973). In that case, the plaintiff sought punitive damages against the owner of the motor vehicle based upon the flagrant and reckless misconduct of the driver. The determinative issue was whether the owner, who was without fault, was vicariously liable for punitive damages. The district court affirmed the trial court's partial summary judgment denying the plaintiff's claim for punitive damages. The court said that the owner did not know his stepson, the driver, was drinking on the date of the accident or had ever consumed alcoholic beverages and concluded that had the owner known of his stepson's propensity to drink, he would not have consented to his use of the motor vehicle. Acknowledging that the owner would be vicariously liable for compensatory damages, the court held that public policy is not served by also imposing liability for punitive damages when the owner is without fault. In other words, the court held that under the dangerous instrumentality doctrine, an owner is not vicariously liable for punitive damages just because he owned the motor vehicle.
As noted by the district court in Alexander v. Alterman Transport Lines, Inc., 350 So.2d at 1130, the issue presented in the present case was not considered or passed on by this Court in Bould v. Touchette, 349 So.2d 1181 (Fla. 1977). In Bould, the plaintiff was awarded punitive damages against United States Concrete Pipe Company, the employer of Mitchell Touchette, who, in the course and scope of his employment, negligently caused the accident which was the subject of that suit. The only issue concerning punitive damages was Concrete Pipe's contention that the award was excessive. The vicarious liability of the employer, Concrete Pipe, for punitive damages in the absence of fault on its part was not an issue in the case and was not considered by this Court.
*549 We conclude that the principles of law which should be applied in this and in other similar respondeat superior cases are as follows: (1) An employer is vicariously liable for compensatory damages resulting from the negligent acts of employees committed within the scope of their employment even if the employer is without fault. This is based upon the long-recognized public policy that victims injured by the negligence of employees acting within the scope of their employment should be compensated even though it means placing vicarious liability on an innocent employer. (2) Punitive damages, however, go beyond the actual damages suffered by an injured party and are imposed only as a punishment of the defendant and as a deterrent to others. (3) Before an employer may be held vicariously liable for punitive damages under the doctrine of respondeat superior, there must be some fault on his part. (4) Although the misconduct of the employee, upon which the vicarious liability of the employer for punitive damages is based, must be willful and wanton, it is not necessary that the fault of the employer, independent of his employee's conduct, also be willful and wanton. It is sufficient that the plaintiff allege and prove some fault on the part of the employer which foreseeably contributed to the plaintiff's injury to make him vicariously liable for punitive damages.
Applying these principles, we hold that there is no basis for the punitive damage award against the defendant employer. The plaintiff alleges no fault on the part of the employer and relies entirely upon the master-servant relationship to make the employer vicariously liable for punitive damages. The district court should have reversed the punitive damage judgment.
In view of our determination that the punitive damage award must be reversed, we need not consider petitioner's second point. The decision of the district court is quashed, and this cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
OVERTON, J., concurs with an opinion, with which McDONALD, J., concurs.
SUNDBERG, C.J., and ADKINS, J., dissent.
OVERTON, Justice, concurring.
The public should clearly understand that there is no difference between the owner of a single motor vehicle and the operator of a truck line. If either one knowingly allows an intoxicated driver to drive his vehicle, he may be liable for punitive damages as well as compensatory damages.
McDONALD, J., concurs.