DAUKSCH, Chief Judge.
This appeal comes to. us primarily upon an order requiring the appellant to either remit a portion of the punitive damages award or have a new trial on the issue of punitive damages. The trial judge determined the jury awarded an excessive amount for punitive damages.
By cross-appeal the appellee says the trial court erred in allowing the punitive damages issue to go to the jury in any event.
After this appeal was filed, the Florida Supreme Court issued its opinion in Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla.1981), and we deem that case to be on point. It persuades us to say that based upon the evidence before the jury the plaintiff is not entitled to any punitive damages because the standard required in Mercury Motors was not met. Mercury Motors held that an employer is not vicariously liable for punitive damages under the doctrine of respondeat superior unless there is proof of fault on the employer’s part which foresee-ably contributed to the plaintiff’s injury. In point of fact, the plaintiff rather presciently, attempted to prove some matters relating to K-Mart’s hiring practices and the like and was met by the objection of the defendant and the ruling of the trial court which prevented inquiry into that subject. Because plaintiff preserved these points for appeal, we affirm the order for new trial on punitive damages in order to require and permit, if he can, the plaintiff to prove the essentials required by Mercury Motors.
ORDER OF NEW TRIAL AFFIRMED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.