This case presents a dilemma. On the one hand, public policy generally precludes insuring against punitive damages. This is because such damages are intended to punish a defendant for his willful and wanton misconduct. He is not allowed to escape punishment by insuring against this risk. On the other hand, under our holding in Mercury Motors Express, Inc. v. Smith, 393 So.2d 545
(Fla. 1981), an employer may be held vicariously liable for punitive damages arising from the willful and wanton misconduct of its employees through the doctrine *Page 1068 
of respondeat superior if there is "some fault" on its part. In that situation, however, the employer can insure against the risk of vicarious liability for punitive damages.
In the present case, the majority concludes that the employer's insurance company must pay the punitive damages award because the employer was not guilty of a willful and wanton disregard for the rights of others. At most, it was guilty of simple negligence and thereby became only vicariously liable for punitive damages resulting from its employee's willful and wanton misconduct. I agree that if we retain the holding of Mercury Motors and its predecessors, then the conclusion of the majority is appropriate. An employer should be permitted to insure against any vicarious liability for punitive damages that may result from his simple negligence.
But why should an employer be held vicariously liable for punitive damages? If he is not guilty of willful and wanton misconduct, there are no public policy reasons to subject him to liability for punitive damages. Likewise, no public policy reasons are served by shifting to an insurer (and ultimately to society at large) the burden of paying an award of punitive damages based upon the vicarious liability of an employer. Either alternative is inconsistent with the purposes of punitive damages.
Certainly, the purpose of punitive damages is not to compensate the plaintiff, and any benefit the plaintiff receives from such an award is only incidental. In fact, the plaintiff has no right to punitive damages. St. Regis Paper Co. v. Watson, 428 So.2d 243
(Fla. 1983). He has been fully compensated for his injury by the award of compensatory damages. From the point of view of the plaintiff, punitive damages are merely a windfall. The windfall is even greater when plaintiff is permitted to look vicariously to the "deep pocket" of the employer.
I believe the only logical solution to the dilemma posed by these conflicting principles would be to hold that there is novicarious liability on the part of an employer for punitive damages. To accomplish the purposes of punitive damages, the punishment should fall squarely on the shoulders of the wrongdoer. If an employer has been guilty of willful and wanton misconduct, he may be directly punished. If he has not been guilty of willful and wanton misconduct, he should not be held vicariously liable for punitive damages.
This is a matter of great importance in the area of tort litigation in this state, and I am hopeful that The Florida Bar's recently created Tort Litigation Review Commission will carefully study this question and make a recommendation to the legislature to eliminate an employer's vicarious liability for punitive damages.