THOMPSON, Judge.
Leon County Humane Society, Inc. (the Society) and The Hartford Accident and Indemnity Company (Hartford) appeal a final judgment awarding appellee DeGroat $5,400 compensatory damages and $25,000 punitive damages. The Society and Hartford do not question the propriety of the compensatory damage award, but do question the punitive damage award. We find that, as a matter of law, the evidence did not support a claim for punitive damages and that the trial judge erred in allowing the issue of punitive damages to be considered by the jury. We therefore reverse the judgment as to the award of punitive damages.
On November 10, 1980 DeGroat went to the Society in search of an abandoned year-old female Doberman pinscher her friend had been feeding. After looking unsuccessfully in the holding area, as the Society’s receptionist had permitted, DeGroat encountered Mr. Forthman, an animal caretaker employed by the Society. After De-Groat asked Forthman if they had any female Dobermans, Forthman escorted her to cages in the rabies quarantine area. De-Groat said she was not told the dog she was taken to see was in a rabies quarantine area or in a restricted area and that she did not see any signs indicating it was a rabies quarantine area. However, Mr. Lake, general manager of the Society, said there are two barriers between the general area and the quarantine area: a sliding wood door with a “Keep Out” sign; and a hinged chain link gate with an “Isolation” sign.
Forthman stopped in front of a cage and the Doberman inside jumped up, twirled around, and became extremely excited. Forthman had previously seen dogs react in *951 this manner upon seeing their owners. Al-. though Forthman did not see a card on this cage indicating the dog had bitten someone six days prior to November 10, Forthman knew the dog was in rabies quarantine for having previously bitten a human. However, he did not tell DeGroat that the dog was in mandatory 10-day rabies quarantine for having bitten a human. Forthman had no personal knowledge of aggressive behavior by this particular dog since it had been at the Society. Although DeGroat said she did not indicate whether the dog in the cage was hers, Forthman said DeGroat either told him the dog was hers or one she knew. Upon DeGroat’s request, Forthman took the dog out of the cage so she could get a better view of the dog. DeGroat took the dog, on a lead, to the puppy pen and determined it was not the dog she was looking for, as it was an older male Doberman. Forthman remained with or near DeGroat during this time. The dog then bit DeGroat on the hand and left arm. DeGroat subsequently went to the hospital emergency room, where she was treated and released the same day. It was subsequently determined that the dog that had bitten DeGroat did not have rabies.
DeGroat filed a complaint against the Society and Hartford, the Society’s insurance carrier, alleging, inter alia, that Forth-man had acted with willful and wanton disregard of her safety by escorting her into the restricted rabies quarantine area without informing her it was so restricted. The complaint involved herein did not include Forthman, individually, as a defendant. The Society admitted it was negligent in allowing DeGroat to come in contact with the dog. The Society’s motion for a directed verdict as to punitive damages, made at the close of DeGroat’s case, was denied. The jury found DeGroat 10% negligent and awarded $6,000 in compensatory damages and $25,000 in punitive damages. The Society’s and Hartford’s timely motion to alter judgment or alternatively for new trial on damages was denied and the trial court entered a final judgment awarding De-Groat $30,400 total damages.
Punitive damages were properly awardable herein against the Society only if the conduct of Forthman, as its employee, rose to a level of willful, wanton, and reckless disregard of DeGroat’s safety and rights, see generally Ellis v. Golconda Corp., 352 So.2d 1221 (Fla. 1st DCA 1977), cert. denied sub nom. Peterson v. McKenzie Tank Lines, Inc., 365 So.2d 714 (Fla.1978), and then only if the Society was guilty of a separate and independent tort, see Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla.1981). However, Forthman’s actions did not indicate wantonness or recklessness, or a grossly careless disregard of DeGroat’s safety, welfare, and rights. Indeed, under the circumstances, Forthman acted in a natural and helpful manner. Although Forth-man did not inform DeGroat the dog had previously bitten someone, he let the dog out of the cage only after she requested the dog be removed from the cage so she could inspect it under better lighting conditions. Forthman remained near DeGroat during this entire sequence of events. Forthman’s acts were not willful, wanton, malicious, or outrageous conduct and simply do not provide a lawful basis for the award of punitive damages. Accordingly, the trial court erred in allowing the jury to consider the issue of punitive damages.
If punitive damages had been a proper jury question, both the jury instruction and the verdict should advise the jury the Society must be guilty of a separate and independent tort. The instructions to the jury did not make it clear that for the Society to be liable for punitive damages, it must have been guilty of a separate and independent tort other than the admitted tort of Forthman for which it was liable. The verdict does not indicate the jury found the Society was guilty of a separate and independent tort. In fact, the verdict form directed a finding of negligence on the part of the Society and this admitted negligence had to be that committed by Forthman and not separate and independent negligence of the Society.
Discussion of the remaining issues raised by the Society and by Hartford is unneces *952 sary due to the disposition of the punitive damages issue. In conclusion, the award of punitive damages is reversed and the case is remanded for the entry of a judgment for compensatory damages only.
WIGGINTON, J., concurs.
ERVIN, C.J., dissents.