## YOST, etc. v. DOLPHIN MARINE CONSTRUCTION, INC., etc., et al.

Case No. 84-5005

Fifteenth Judicial Circuit, Palm Beach County

June 20, 1985

### APPEARANCES OF COUNSEL

**Wallace McCall** for plaintiffs.

**Wayne Gill** for defendant, Dolphin Marine.

### OPINION OF THE COURT

RICHARD I. WENNET, Circuit Judge.

This cause came before the Court on May 23, 1985 on actions by Defendant, Eugene L. Wehage, for partial summary judgment on the punitive damage claims of Plaintiff, Kermit Yost:

1. Based on the dangerous instrumentality doctrine as it relates to claims for punitive damages;

2. As to all non-vicarious claims against defendant, Eugene L. Wehage;

3. Based on the acts of alleged agents, servants and/or employees of Defendant, Eugene L. Wehage; and

4. As to all punitive damage claims by Plaintiff, Kermit Yost, against Defendant, Eugene L. Wehage.

The Court having carefully considered each motion in turn, it is

ORDERED AND ADJUDGED:

1. The motion for partial summary judgment as to the punitive damages claim based on the dangerous instrumentality doctrine is DENIED. Under the doctrine, an owner without fault is not vicariously liable for punitive damages. *Waldron v. Kirkland*, 281 So.2d 70 (Fla. 2d DCA 1973). A father who does not know of his son's propensity to consume alcohol cannot be held liable for punitive damages when that son takes the father's car and crashes into another car. Id. But in the case at bar, there is some question as to fault. The Defendant, Eugene L. Wehage, may have known of past incidents involving the trailer which caused the accident at bar. See deposition of Carl Lueck, pp. 24-31. A summary judgment would thus be inappropriate.

2. The motion for partial summary judgment as to all non-vicarious claims for punitive damages against defendant, Eugene L. Wehage, is DENIED. The degree of negligence required for punitive damages is wilful and wanton misconduct equivalent to criminal manslaughter. *Como Oil Co. v. O'Laughlin*, 466 So.2d 1061 (Fla. 1985); *White Constr. Co. v. DuPont*, 455 So.2d 1026 (Fla. 1984). On this record it cannot be said that there is no factual basis for finding that defendant, Eugene L. Wehage, was guilty of wilful and wanton misconduct. See *Bould v. Touchette*, 349 So.2d 1181 (Fla. 1977) (punitive damages appropriate where defendant's tractor-trailer rear-ended plaintiff's car, where plaintiff's car had stopped for road construction, and where visibility was clear for more than a mile before the construction site on the straight, flat road).

3. The motion for partial summary judgment as to punitive damages for the acts of alleged agents/servants of defendant, Eugene L. Wehage, is DENIED. See *Como Oil Co. v. O'Laughlin*, 466 So.2d 1061 (Fla. 1985). An issue of fact exists as to whether such agents/servants were employees of the defendant, Eugene L. Wehage, or of the defendant, Dolphin Marine Company.

4. The motion for summary judgment as to all claims against defendant, Eugene L. Wehage, for punitive damages is DENIED. See *Como Oil Co. v. O'Laughlin*, 466 So.2d 1061 (Fla. 1985); *White Construction Inc. v. DuPont*, 455 So.2d 1026 (Fla. 1984); *Bould v. Touchette*, 349 So.2d 1181 (Fla. 1977); *Carraway v. Ravell*, 116 So.2d 16 (Fla. 1959). It is further

ORDERED AND ADJUDGED that the Court would give great consideration to defendant's motion for a directed verdict at the close of Plaintiff's case, concerning the issue of whether the Defendant's conduct rises to the standard set forth in the White Construction Company case, cited above. The Court is leery of granting a summary judgment on the facts of record in this case at this time, and thinks it better procedure to allow Plaintiff an opportunity to present its full case at the trial of this action.