ALTENBERND, Judge.
Mrs. Jutta Bolinsky appeals a final judgment which awarded Dr. Albert Fritz both compensatory and punitive damages for trespass. We affirm the award of compensatory damages and reverse the award of punitive damages. The default judgment against her former husband, Wolfgang Bo-linsky, was not appealed and is not affected by this decision.
In 1981, Mr. and Mrs. Bolinsky purchased an unimproved lot adjacent to the vacation home of Dr. Fritz on Longboat Key. They developed the lot by building a single-family residence. In mid-1983, they decided to build a seawall on their property. Dr. Fritz’s property already included a seawall, but the seawall did not extend to his property line. Instead, he utilized this open area adjacent to the Bolinskys’ property for drainage.
When the Bolinskys decided to build a seawall, Mr. Bolinsky contacted Dr. Fritz. Dr. Fritz told Mr. Bolinsky not to build the seawall onto his property because of the drainage problem. Nevertheless, Mr. Bo-linsky signed a contract with a marine contractor to build a seawall which extended the short distance onto Dr. Fritz’s property. The marine contractor built the seawall and blocked the drainage ditch, despite no trespassing signs which had been posted near the property line. Subsequently, the seawall caused fresh water flooding. The compensatory damages awarded in this case are damages to pay for the necessary corrections to eliminate the drainage problem.
While we find the evidence and admissions in this case sufficient to support the award of compensatory damages, the evidence against Mrs. Bolinsky fails to establish that she acted with malice, moral turpitude, wantonness, willfulness, or reckless indifference to the rights of Dr. Fritz. Mendoza v. Farrell, 199 So.2d 750 (Fla. 3d DCA 1967). Dr. Fritz and his wife both admit that they never met Mrs. Bolinsky and never had any conversations with her prior to the building of the seawall. The work was performed by a legitimate marine contractor who obtained the necessary building permits to perform the work. The seawall extended only a few feet across the property line. Because Dr. Fritz was not living in the vacation home when the seawall was built, neither he nor anyone on his behalf verbally notified Mrs. Bolinsky of the problem during the seawall’s construction. The no trespassing signs had been installed prior to this problem to keep people from walking through Dr. Fritz’s property. There was no reason for Mrs. Bolin-sky to believe that the signs were intended to prevent the construction of the seawall. Mr. Bolinsky had been primarily responsible for the seawall’s construction. There is no evidence that Mr. Bolinsky informed Mrs. Bolinsky of Dr. Fritz’s objection. It is apparent that Mrs. Bolinsky reasonably assumed that the two seawalls would abut in the manner typically seen along Florida’s coastline. Given Mrs. Bolinsky’s minimal involvement in the erection of the seawall, there is insufficient evidence to establish conduct warranting direct punitive damages against Mrs. Bolinsky. See Fla. Power Corp. v. Scudder, 350 So.2d 106 (Fla. 2d DCA 1977), cert. denied, 362 So.2d 1056 (Fla.1978), appeal dismissed, 439 U.S. 922, 99 S.Ct. 303, 58 L.Ed.2d 315 (1978); Clark v. J. W. Conner & Sons, Inc., 441 So.2d 674 (Fla. 2d DCA 1983), review denied, 449 So.2d 264 (Fla.1984); Fla. Power & Light v. Walker, 440 So.2d 659 (Fla. 1st DCA 1983).
The plaintiff argues that the conduct of Mr. Bolinsky warranting punitive damages can be imputed to Mrs. Bolinsky because they were husband and wife at the time of these events and because they owned the property by the entireties. We decline to extend the vicarious liability for punitive damages established in Mercury Motors *261 Express, Inc. v. Smith, 393 So.2d 545 (Fla.1981), to the marital context. Suffice it to say that vicarious liability under Mercury Motors is based upon a master-servant relationship, which is dissimilar from the marital relationship. See also Waldron v. Kirkland, 281 So.2d 70 (Fla. 2d DCA 1973); Hartford Accident & Indem. Co. v. Ocha, 472 So.2d 1338 (Fla. 4th DCA), review dismissed, 478 So.2d 54 (Fla.1985).
Affirmed in part, reversed in part, and remanded to the lower court for proceedings consistent herewith.
THREADGILL, A.C.J., and PATTERSON, J., concur.