STONE, Chief Judge.
Plaintiff and an employee of Metallic Engineering were involved in a collision on 1-95. The employee, who was intoxicated at more than twice the legal limit, hit a light post and careened across three lanes of traffic, broadsiding Plaintiffs vehicle and pushing it across the median and into the lanes of oncoming traffic.
We find no error in the trial court’s directing a verdict for Plaintiff on the charge that the plaintiff-driver was comparatively negligent in not anticipating the events so as to avoid the collision. Capitano v. CSX Transp., Inc., 698 So.2d 652 (Fla. 2d DCA 1997). As to all other issues raised by Appellants-Defendants, we also affirm.
However, on the cross-appeal, we conclude that it was error to enter a summary judgment in favor of the defense on punitive damages, and we reverse and remand for a new trial on that issue. There is evidence that earlier that day the defendant driver consumed alcohol with fellow employees including the job foreman. According to Metallic Engineering, the evidence reflects that its foreman, the driver, and a third employee drank only two beers each before the driver left to drop off the third employee at home, at which time, the driver consumed a few more beers before returning the truck to Miami. It contends that the foreman was, therefore, not on notice that the driver was intoxicated when he left the job site.
In Alexander v. Alterman Transport Lines, Inc., 387 So.2d 422 (Fla. 1st DCA 1980), we recognized that punitive damages may be submitted to a jury on evidence that the driver was drunk when he left the employer’s place of business. Here, the evidence as to the employer’s notice of the driver’s intoxicated state is conflicting. Although the driver claims that he consumed a total of only five beers, his blood alcohol level immediately following the accident was .19. Therefore, a jury could have inferred, given the relative time frame, that he had consumed much more than the admitted two beers with the job foreman before leaving, or that the foreman’s testimony that the driver did not appear intoxicated was not credible. As a result, the jury could find that the employer was independently at fault by allowing the driver to take the truck in his condition. See Mercury Motors Exp., Inc. v. Smith, 393 So.2d 545 (Fla.1981). See also Carroll Air Sys., Inc. v. Greenbaum, 629 So.2d 914 (Fla. 4th DCA 1993). We note that although the record supports a theory of vicarious liability for punitive damages, we reject the argument that the evidence supports one of direct liability, as a job foreman is not, as required for imposing direct liability, a managing agént of the company. Cf. Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995). Compare Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla. 1985); Capital Bank v. MVB, Inc., 644 So.2d 515 (Fla. 3d DCA 1994); Taylor v. Gunter Trucking Co., 520 So.2d 624 (Fla. 1st DCA 1988).
As to all other issues raised, we affirm. We reverse and remand for a new trial on the issue of punitive damages based on vicarious liability.
PARIENTE, BARBARA J. and KARLAN, SANDY, Associate Judges, concur.