SHAHOOD, J.
This is the second appeal in a personal injury action brought by appellant, James Partington (Partington) against appellees, Jon C. Ball (Ball), Metallic Engineering (Metallic), and Ryder Truck Rental, Inc. (Ryder). Partington was injured when the truck he was driving on 1-95 was hit by the truck which Ball was driving. At the time of the accident, Ball was an employee of Metallic and was driving a Ryder truck. Evidence showed that Ball’s blood alcohol level was more than twice the legal limit.
Prior to the first trial of this matter, the trial court entered partial summary judgment in favor of Metallic, ruling that the company was not liable for punitive damages as a matter of law. Following the trial, the jury awarded Partington compensatory damages against both Ball and Metallic in the amount of $478,000, and punitive damages against Ball in the amount of $5,000. Ball and Metallic appealed. Part-ington filed a cross-appeal of the order granting summary judgment in favor of Metallic on the issue of vicarious liability for punitive damages.
This court, in Ryder Truck Rental, Inc. v. Partington, 710 So.2d 575 (Fla. 4th DCA 1998)(Partington I), affirmed on all issues raised in the main appeal, but reversed on the cross-appeal. The relevant facts, as set forth in Partington I, are the following:
There is evidence that earlier that day the defendant driver consumed alcohol with fellow employees including the job foreman. According to Metallic Engineering, the evidence reflects that its foreman, the driver, and a third employee drank only two beers each before the driver left to drop off the third employee at home, at which time, the driver consumed a few more beers before returning the truck to Miami. It contends that the foreman was, therefore, not on *500 notice that the driver was intoxicated when he left the job site.
Partington I, 710 So.2d at 576. On the issue of Metallic’s vicarious liability for punitive damages, this court said,
In Alexander v. Alternan Transport Lines, Inc., 387 So.2d 422 (Fla. 1st DCA 1980), we recognized that punitive damages may be submitted to a jury on evidence that the driver was drunk when he left the employer’s place of business. Here, the evidence as to the employer’s notice of the driver’s intoxicated state is conflicting. Although the driver claims that he consumed a total of only five beers, his blood alcohol level immediately following the accident was .19. Therefore, a jury could have inferred, given the relative time frame, that he had consumed much more than the admitted two beers with the job foreman before leaving, or that the foreman’s testimony that the driver did not appear intoxicated was not credible. As a result, the jury could find that the employer was independently at fault by allowing the driver to take the truck in his condition, [citations omitted]. We note that although the record supports a theory of vicarious liability for punitive damages, we reject the argument that the evidence supports one of direct liability, as a job foreman is not, as required for imposing direct liability, a managing agent of the company, [citations omitted].
Id. As a result, this court in Partington I reversed and remanded for a new trial on the issue of punitive damages based on vicarious liability. Id.
On remand, prior to the second trial, Metallic filed a Motion in Limine seeking to have the court exclude any mention of the foreman’s knowledge that Ball was drinking or that the foreman knew Ball was to be driving the truck from West Palm Beach to Miami that afternoon. Metallic argued first that there was no liability merely because the foreman provided beers to Ball, and cited cases in support. Second, Metallic argued that there was no liability because the foreman was not a managing agent of the company, and cited Partington I in support. Third, Metallic argued that the foreman was not acting within the scope of his employment when he drank beer with Ball because the foreman was off duty at that time.
The trial court ruled that since Parting-ton had not shown that a managing agent of Metallic, someone higher up than a job foreman, knew or should have known that Ball was inebriated when he left the job site, Metallic could not be vicariously liable for punitive damages. Partington agreed to stipulate that he did not have any evidence to link knowledge of anyone other than the foreman to the case. Thereafter, the trial court granted the motion in li-mine, and precluded the admission of “any evidence regarding [Metallic’s] foreman’s knowledge, or constructive knowledge, of impairment to METALLIC employee, John Ball, due to alcohol consumption on September 13,1991.”
Thereafter, Metallic filed a motion for directed verdict and entry of final judgment based on the stipulated evidence. The court granted the motion, and entered final judgment in favor of Metallic, finding that “the conduct of foreman/supervisor Michael Wilson would be insufficient to impose vicarious liability for punitive damages against this Defendant.” Because we find that the trial court misinterpreted the law, we reverse the final judgment, and remand for a trial.
In Schropp v. Crown Eurocars, Inc., 654 So.2d 1158 (Fla.1995), the supreme court reviewed the law concerning corporate liability for punitive damages, and established a clear distinction between *501 vicarious and direct liability. In order to hold a corporation liable for vicarious liability for punitive damages, there must be a willful and malicious act on the part of an employee as well as a finding of independent negligent conduct by the corporation. Id. at 1159; see also Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla.1981). In order to impose direct liability for punitive damages on a corporation, there must be a showing of willful and malicious action on the part of a managing agent of the corporation. Id.; see also Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla.1985). Under the vicarious liability theory, there is no requirement that the independent negligent conduct by the corporation be attributed to a managing agent. Id. at 1160-61.
In Partington I, we noted that the facts in this case support only a theory of vicarious liability for punitive damages, and not direct liability, because there is no evidence of misconduct on the part of any of Metallic’s managing agents. Therefore, Partington must show not only that Ball negligently operated the vehicle, but also some independent negligent conduct on the part of Metallic. Certainly, the job foreman’s knowledge that Ball was intoxicated when he embarked on the trip back to Miami on company business would meet the requirement of independent negligent conduct. As we concluded in Partington I, however, a question of fact remains as to whether the job foreman knew that Ball was intoxicated. This issue must be resolved by a jury, and not by the court on a motion for summary judgment or directed verdict.
Accordingly, we hold that the trial court erred in granting Metallic’s motion in li-mine and subsequent motion for directed verdict. We reverse those orders, and remand for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
GUNTHER and STONE, JJ., concur.