DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NAPLETON'S NORTH PALM AUTO PARK, INC.,**
Appellant,

v.

**ABIGAIL AGOSTO,**
Appellee.

No. 4D22-2507

[June 21, 2023]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 502021CA010394A.

Jack R. Reiter and Robert C. Weill of GrayRobinson, P.A., Miami, for appellant.

Nichole J. Segal of Burlington & Rockenbach, P.A., West Palm Beach, and Christopher W. Kellam of Keller, Melchiorre & Walsh, PLLC, Jupiter, for appellee.

FORST, J.

Appellant Napleton's North Palm Auto Park, Inc. ("the Dealership") appeals the trial court's order granting appellee Abigail Agosto's motion for leave to amend her complaint to add a punitive damages claim. Agosto sued the Dealership for negligent hiring,[1] retention, and supervision of the Dealership's employee ("Employee"), after Employee hit Agosto's parked car while allegedly intoxicated during his shift. On appeal, the Dealership argued Agosto failed to make a reasonable showing through record evidence that a Dealership "managing agent" engaged in gross negligence, as required to add a claim for punitive damages by section 768.72(3)(c), Florida Statutes (2022). We agree and reverse.

**Background**

---

[1] The trial court denied Agosto's punitive damages motion with respect to the negligent hiring claim. Accordingly, this issue is not before us. *See B&L Serv., Inc. v. Broward Cnty.*, 300 So. 3d 1205, 1208 (Fla. 4th DCA 2020).

Agosto and Employee were both employed by the Dealership. Employee maintains that, on the day of the alleged accident, he had "a couple drinks" on his lunchbreak at home before returning to work. That evening, while moving his car from an employee lot across the street to a closer parking lot, Employee "brushed" alongside Agosto's parked car. Employee was ultimately arrested and later entered a guilty plea to a DUI charge. His employment was terminated on the day of the accident.

Agosto sued the Dealership for negligent hiring, retention, and supervision of Employee. She alleged the Dealership knew or should have known Employee had been found guilty of a DUI offense prior to hiring him, and the Dealership knew or should have known Employee consumed alcohol during work hours.

Eventually, Agosto moved to amend her complaint to add a claim for punitive damages. She pointed to three events purportedly establishing the Dealership's knowledge of Employee's history of driving while intoxicated: (1) Employee's DUI conviction in 2006, twelve years before the Dealership hired him; (2) the Dealership's discipline of Employee in January 2020 based on another employee's suspicion that Employee was intoxicated while on the clock; and (3) the assistant service manager's observation that Employee was acting "off" and "loopy" on another occasion.

Agosto argued the platform manager of the Dealership, Employee's service manager, and the assistant service manager knew of these events and that, instead of terminating Employee, the Dealership's management merely gave him a warning with no additional oversight or restrictions.

The trial court granted Agosto's motion to amend, stating "what we have here is this consistent conduct after [Employee] was hired, that clearly should have indicated to [the Dealership] that [it] had a problem with this employee, that [the Dealership] between January and April did nothing to supervise, check, randomly test, put [Employee] in some 12 step program, put [Employee] in some alcohol rehab program, do something to safeguard the public." This timely appeal followed.

## Analysis

"We review de novo the trial court's purely legal ruling that plaintiff made a 'reasonable showing' under section 768.72 to recover punitive damages." *Cleveland Clinic Fla. Health Sys. Nonprofit Corp. v. Oriolo*, 357

2

So. 3d 703, 705 (Fla. 4th DCA 2023) (quoting *Holmes v. Bridgestone/Firestone, Inc.,* 891 So. 2d 1188, 1191 (Fla. 4th DCA 2005)).

Section 768.72 "requires the trial court to act as a gatekeeper," which means that the trial court cannot "simply accept[] the allegations in a complaint or motion to amend as true." *Bistline v. Rogers*, 215 So. 3d 607, 610–11 (Fla. 4th DCA 2017). A trial court's inquiry under section 768.72 is more intensive than at summary judgment because the statute "necessarily requires the court to weigh the evidence and act as a factfinder." *KIS Grp., LLC v. Moquin*, 263 So. 3d 63, 66 (Fla. 4th DCA 2019); *see also Fla. Hosp. Med. Servs., LLC, v. Newsholme*, 255 So. 3d 348, 350–51 (Fla. 4th DCA 2018) (quashing order that "failed to adequately consider whether the proffer was sufficient to establish a reasonable evidentiary basis for recovery of punitive damages, and simply accepted Plaintiffs' allegations as true").

The Dealership argues the trial court erred in finding that Agosto's proffer reasonably showed the Dealership had notice that Employee was intoxicated during work hours and, as a result, the Dealership was "grossly negligent" in its retention and supervision of Employee. As a threshold matter, the trial court improperly believed it had to accept Agosto's proffer as true. In assessing whether "a reasonable evidentiary basis exists for recovery of punitive damages," the trial court must consider both the movant's proffer of evidence as well as "the other side's showing." *Marder v. Mueller*, 358 So. 3d 1242, 1246 & n.1 (Fla. 4th DCA 2023) (citing *KIS Grp.*, 263 So. 3d at 66).

Agosto argued that punitive damages could be imposed on the Dealership pursuant to section 768.72(3)(c), Florida Statutes (2022). That section provides:

> (3) In the case of an employer, principal, corporation, or other legal entity, punitive damages may be imposed for the conduct of an employee or agent **only if the conduct of the employee or agent meets the criteria specified in subsection (2)** *and*:
>
> . . . .
>
> (c) The employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.

§ 768.72(3)(c), Fla. Stat. (2022) (emphasis added).

3

Thus, to amend a complaint to add a claim for punitive damages against a corporate defendant, a plaintiff must show culpable conduct *at both* the employee level and the corporate level. *See* § 768.72(3)(c), Fla. Stat. (2022).[2] At the employee level, the plaintiff must show "the conduct of the employee or agent [here, Employee's managers] meets the criteria specified in subsection (2)" of section 768.72. Here, the Dealership's appeal solely focuses on the "engaged in conduct" issue at the corporate level. We thus limit our focus to that prong.

To show corporate culpable conduct, the plaintiff must present evidence that the corporation itself is directly liable. *Partington v. Metallic Eng'g Co.*, 792 So. 2d 498, 501 (Fla. 4th DCA 2001). "[B]ecause a corporation cannot act on its own, 'there must be a showing of willful and malicious action on the part of a managing agent of the corporation.'" *Fla. Power & Light Co. v. Dominguez*, 295 So. 3d 1202, 1205–06 (Fla. 2d DCA 2019) (quoting *Partington*, 792 So. 2d at 501).

A managing agent "must be 'more than a mid-level employee who has some, but limited, managerial authority.'" *See Halum v. ZF Passive Safety Sys. US, Inc.,* 48 Fla. L. Weekly D647a (Fla. 4th DCA Mar. 29, 2023) (quoting *Wells Fargo Bank, N.A. v. Elec. Funds Transfer Corp.*, 326 So. 3d 753, 757 (Fla. 5th DCA 2021)). A managing agent "must be an individual of such seniority and stature within the corporation or business to have **ultimate decision-making authority for the company**." *Id.* (emphasis added).

---

2 Agosto's Answer Brief addresses the Dealership's corporate culpability under both section 768.72(3)(b) ("The officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct") and section 768.72(3)(c). Agosto never argued the applicability of subsection (3)(b) below. Nonetheless, Agosto's (3)(b) claim has the same deficiency as her (3)(c) argument—the three managers were not policy makers. *See, e.g., Tallahassee Mem'l Healthcare, Inc. v. Dukes*, 272 So. 3d 824, 826 (Fla. 1st DCA 2019) (section 768.72(3)(b) applies to "corporate management" and not the director of an emergency room); *Fetlar, LLC v. Suarez*, 230 So. 3d 97, 100 (Fla. 3d DCA 2017) (neither the construction superintendent, construction manager, nor project manager "played any role in corporate management" for purposes of any of the three subparagraphs of section 768.72(3)); *Coronado Condo. Ass'n v. La Corte*, 103 So. 3d 239, 241 n.2 (Fla. 3d DCA 2012) (section 768.72(3)(b) applies to "those in control of the entity" and not a property manager). Thus, Agosto's alternative argument fails. *See Robertson v. State*, 829 So. 2d 901, 907 (Fla. 2002) (the tipsy coachman rule does not allow a court to affirm on an alternative ground not argued to the trial court where there is no evidentiary support for the alternative ground in the record).

[A managing agent] is more than just a manager or midlevel employee. *See Ryder Truck Rental, Inc. v. Partington*, 710 So. 2d 575, 576 (Fla. 4th DCA 1998) ("[A] job foreman is not, as required for imposing direct liability, a managing agent of the company."); *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 521 (Fla. 3d DCA 1994) (citing *Bankers Multiple Line Ins. Co. v. Farish*, 464 So. 2d 530 (Fla. 1985)) (holding that one of several bank vice presidents, who was not on the board of directors or the loan committee, did not qualify as a managing agent); *Pier 66 Co. v. Poulos*, 542 So. 2d 377, 381 (Fla. 4th DCA 1989) (holding that a hotel manager was not a managing agent of the corporation that owned the hotel). Rather, a managing agent is an individual like a "president [or] primary owner" who holds a "position with the corporation which might result in his acts being deemed the acts of the corporation." *Taylor v. Gunter Trucking Co., Inc.*, 520 So. 2d 624, 625 (Fla. 1st DCA 1988).

*Dominguez*, 295 So. 3d at 1205 (second and third alterations in original) (concluding that vegetation management program regional supervisor who did not make policy decisions was not a "managing agent" for purposes of establishing direct punitive liability).

Here, Agosto's claims were based on the conduct of three of the Dealership's managers: the Dealership's platform manager, Employee's service manager, and Employee's assistant service manager who directly supervised Employee.

The platform manager oversees three or four different vehicle stores in the Palm Beach area, including the one at which Employee worked. One who manages a single unit, or units, that is owned by the corporation, is generally not a managing agent of that corporation. *See Poulos*, 542 So. 2d at 381 (hotel manager not a managing agent of corporate-owned hotel). While the Dealership's platform managers might have decision-making authority over the stores he or she supervises, no evidence was presented that the platform managers ever "participated in the formation of company policy." *Halum*, 48 Fla. L. Weekly D647 (quoting *Wells Fargo*, 326 So. 3d at 758). "[M]ere [job] titles conferred on employees are insufficient to transform low-level and mid-level supervisors into managing agents of a company." *Id.* Thus, a platform manager is not a managing agent of the Dealership.

5

Similarly, a service manager is not a managing member of the Dealership. There is no evidence that a service manager is more than simply a "manager or mid-level employee." *Dominguez*, 295 So. 3d at 1205. And if a service manager is not a managing agent, it follows that the assistant service manager is also not a managing agent of that corporation.[3]

Agosto therefore failed to show that the Dealership's managing agent(s) committed culpable corporate conduct.

### Conclusion

The three managers upon whom Agosto relied in the proffer were not "managing agents" of the Dealership as required by section 768.72(3)(c). Because amending a complaint to add a claim for punitive damages requires culpable corporate conduct shown through the actions of that corporation's managing agent(s), the trial court erred in granting Agosto's motion for leave to amend. Accordingly, we reverse the trial court's order granting Agosto's leave to amend.

*Reversed.*

KLINGENSMITH, C.J., and CONNER, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[3] In contrast, Agosto proffered evidence from the chief operating officer ("COO"), who would appear to be a "managing agent" of the Dealership. However, the COO testified that he had no knowledge of any occasions—other than the incident in question where Employee hit Agosto's vehicle—when Employee might have been intoxicated or drinking on the job. Since the "managing agent" would need to be on notice of an employee's unfitness to work or of a corporate practice to knowingly overlook violations of its policy prohibiting drinking or intoxication in the workplace, and the chief operating officer had no such knowledge, he cannot be the basis for the Dealership's direct corporate liability. *See M.V. By & Through W.W. v. Gulf Ridge Council Boy Scouts of Am., Inc.*, 529 So. 2d 1248, 1248 (Fla. 2d DCA 1988).

6