PER CURIAM.
Scott Charlton petitions for review of an order of the circuit court denying him access to tax returns and business statements of respondents. We grant writ of certiorari and reverse upon the following facts:
Scott Charlton sued Ralph Tennant and Gordon Shirah for invasion of privacy and libel. He demanded punitive damages. Thereafter Charlton served respondents with a notice of request to produce, pursuant to Fla.R.Civ.P. 1.350, calling upon them to produce for inspection or copying income tax returns, personal or business profit and loss statements and balance sheets for the years 1975 through 1978. Tennant and Shi-rah failed to produce the items.
At a pretrial hearing the trial judge considered Charlton’s motion to compel produc *419 tion of the documents and held that he was only entitled to receive Tennant and Shi-rah’s authenticated statements of net worth. Charlton’s timely petition to this court followed.
The financial resources of a defendant in a libel suit are an appropriate subject of discovery when punitive damages are properly sought. Spencer Ladd's, Inc. v. Lehman, 167 So.2d 731 (Fla. 1st DCA 1964), affirmed 182 So.2d 402 (Fla.1975). There is no reason to place financial worth as an issue in a special category with regard to the discovery process. See Donahue v. Herbert, 355 So.2d 1264 (Fla. 4th DCA 1978). Of course, discovery of any type can be limited by protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. See Fla.R.Civ.P. 1.280(c).
The cause is remanded to the trial court for further proceedings consistent with this opinion.
GRIMES, C. J., and HOBSON and DAN-AHY, JJ., concur.