377 So.2d 1169 (1979)
Ralph B. TENNANT et al., Petitioners,
v.
Scott CHARLTON, Respondent.
No. 55787.
Supreme Court of Florida.
December 13, 1979.
Tom Whitaker, Tampa, for petitioners.
J. Bert Grandoff of Yado, Keel, Nelson, Grandoff, Casper, Bergmann & Newcomer, Tampa, for respondent.
ALDERMAN, Justice.
We have for review the decision of the Second District in Charlton v. Tennant, 365 So.2d 418 (Fla. 2d DCA 1978), which conflicts with the decision of the First District in Tallahassee Democrat, Inc. v. Pogue, 280 So.2d 512 (Fla. 1st DCA 1973).
In these cases, the district courts reached conflicting conclusions as to the extent of "discovery" a plaintiff seeking punitive damages may make concerning the defendants' financial resources. In Charlton v. Tennant, the Second District held that there is no reason to place financial worth of the defendants in a special category with regard to the discovery process, and it reversed the trial court's order denying plaintiff's access to the defendants' tax returns and business statements. The district court noted, however, that the trial court could limit such discovery pursuant to Florida Rule of Civil Procedure 1.280 to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. In Tallahassee Democrat, Inc. v. Pogue, the First District denied the plaintiff's right to discover the defendant's income tax returns *1170 and profit and loss statements because it found that these documents would not necessarily portray a true picture of the defendant's financial worth. The court did say, however, that a financial statement properly authenticated would be proper for the purpose of determining financial worth.
We approve the decision of the Second District in Charlton v. Tennant. In that case, the Second District relied upon the prior decision of the Fourth District in Donahue v. Hebert, 355 So.2d 1264 (Fla. 4th DCA 1978). In Donahue, Judge Downey, speaking for the court, correctly identified the reasons why discovery of defendant's financial resources in punitive damages cases should not be limited to a sworn statement of defendant's current assets and liabilities:
[T]here seems to be some confusion as to the proper direction and scope of discovery in determining the financial resources of a party in a law suit. Some authorities seem to suggest that a party can simply furnish a sworn statement of his current assets and liabilities to his opponent and thereby cut off any further aggressive inquiry into his true financial capacity to respond. We know from experience that one party frequently minimizes his financial ability to respond when it is an issue in a law suit, while the other party often has a tendency to inflate that same financial ability. Even under oath a party often seems to view another party's financial resources as great or small in direct proportion to the benefit which will accrue to that party. Thus, it is the height of naivete to suggest that a sworn statement of one's net worth must be accepted as the final word on that important subject. The search for forgotten or hidden assets is of the essence of the discovery process. The whereabouts of assets disclosed by a recent income tax return, or shown on a recent financial statement furnished in another situation when the current litigation was not envisioned is very definitely appropriate inquiry as is the bona fides of the recent disposition of assets. These are routine inquiries for every knowledgeable trial lawyer in cases in which the financial resources of a party is a relevant issue. One must be afforded reasonable latitude in double and cross checking a party's statements about his current net worth. This, of course, can be done by reviewing income tax returns, recent financial statements, and the myriad of other sources of financial information... .
355 So.2d at 1265.
In Donahue, the court also correctly recognized that the trial court should always be sensitive to the protection of a party from harassment and from an overly burdensome inquiry. Florida Rule of Civil Procedure 1.280(c) provides that for good cause shown, the trial court may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires. The trial court should keep in mind that in most punitive damages cases, at the time plaintiffs are seeking discovery of defendants' financial resources, there has not yet been a judicial determination of the defendants' liability. If plaintiffs were allowed unlimited discovery of defendants' financial resources in cases where there is no actual factual basis for an award of punitive damages, the personal and private financial affairs of defendants would be unnecessarily exposed and, in some cases, the threat of such exposure might be used by unscrupulous plaintiffs to coerce settlements from innocent defendants. In determining whether defendants' motion for protective order under rule 1.280(c) is "for good cause shown," the trial court may consider, among other things, whether or not an actual factual basis exists for an award of punitive damages.
Accordingly, the decision of the district court is approved.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and SUNDBERG, JJ., concur.