PER CURIAM.
In requesting a writ of certiorari, petitioner claims that the interrogatories and request to produce propounded by respondent regarding petitioner’s finances are burdensome and harassing. They were propounded in connection with a punitive damage claim. Broad latitude regarding discovery in punitive damage claims has been allowed by this court in Donahue v. Hebert, 355 So.2d 1264 (Fla. 4th DCA 1978), which was cited with approval by the Supreme Court in Tennant v. Charlton, 377 So.2d 1169 (Fla.1979). In Donahue, Judge Downey quoted from International Union of Operating Engineers v. Lassitter, 295 So.2d 634 (Fla. 4th DCA 1974), rev’d on other grounds, 314 So.2d 761 (Fla.1975), which listed several areas of inquiry which were permissible, including income, cash flow, expenses, anticipated income, anticipated diminutions of income, anticipated casualties as affecting the assessment of punitive damages. To that list, Judge Downey also added inquiries about bank accounts, depositories, present and recent ownership of property and its value and any interests in various business arrangements. Id. at 1266.
However broad that latitude is with regard to discovery of financial matters involving the defendant, it does not in any event include an inquiry into the condition of the health of defendant and his children, if any. (Interrogatory 6(b)) Other than that interrogatory, we find all of the other requests within the parameters of Donahue. With respect to Interrogatory 6(b) we conclude that this interrogatoiy is not required to be answered as the trial court granted the motion to compel only “for discovery that *773 shows financial information (net worth and assets)”.
Nevertheless, although there is no departure from the essential requirements of law in the propounding of these interrogatories and request to produce, the interrogatories propounded are modelled after the 1985 version of interrogatories propounded in dissolution of marriage eases. These interrogatories were not intended specifically for use in punitive damage claims. We would suggest that the Civil Procedure Rules Committee could write a similar standard set of initial interrogatories in punitive damage eases. A standard set would have the salutary purpose of both reducing the burdensomeness, time and expense of such discovery and preventing the discovery of a defendant’s financial condition from overtaking the determination of liability and other issues in a case.
The petition for writ of certiorari is denied.
GLICKSTEIN, WARNER and PARIENTE, JJ., concur.