W. SHARP, Judge,
dissenting.
I would deny the Church of Scientology Flag Service Organization’s petition for cer-tiorari review of the trial court’s order compelling discovery which was adopted by Church of Scientology, Mission of San Francisco and Emery Wilson Corporation, because the record discloses that petitioners failed to timely raise below the grounds urged in the petition as the basis for making the discovery sought improper. See McNatt v. City of Orlando, 526 So.2d 1022 (Fla. 5th DCA 1988). See also Allstate Insurance Co., Inc. v. Walker, 583 So.2d 356 (Fla. 4th DCA 1991); Dade County School Board v. Soler, 534 So.2d 884 (Fla. 3d DCA 1988). Further, the petitioners’ argument that the trial court erred by not granting their motion to strike the punitive damage claim is not timely. This court should not allow petitioners to raise this issue in the guise of seeking a protective order some two years after the trial court’s ruling, sustaining the punitive damage claim as legally sufficient.
The record discloses that petitioners objected to the first set of interrogatories as being irrelevant to the subject matter, not reasonably calculated to lead to the discovery of admissible evidence, and seeking information not a proper subject matter of discovery *843 pursuant to section 768.72, Florida Statutes. That section provides:
In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
The same objections were made to the Request to Produce. However, no motion for a protective order was filed.
Respondents filed a Motion to Compel Discovery and a hearing was held on March 28, 1995. The transcript of the hearing includes arguments on seven different discovery matters, most involving failure of petitioners to produce documents ordered by the court to be produced in 1993. The trial court commented repeatedly that the arguments being made at the hearing should have been made a long time ago. Petitioners also argued that the burden imposed by section 768.72 had not been met. However, the trial court responded that this issue had been raised in 1993 by motions to strike or dismiss, and petitioners had lost. Thus, that issue was foreclosed. Had petitioners thought the trial court erred in allowing the punitive damage claim to stand, they should have sought certiorari review in 1993. It is anomalous to now allow petitioners to make the same argument in the guise of an objection to the scope of discovery. See generally, Bensonhurst Drywall, Inc. v. Ledesma, 583 So.2d 1094 (Fla. 4th DCA 1991). At the end of the hearing, the trial court requested memoranda concerning whether discovery of financial information should be allowed.
In Flag’s memoranda, the argument was made for the first time that the order sought by respondents to compel disclosure of the church’s financial affairs was overbroad. It argued that any legitimate interest in the disclosure could be more narrowly tailored, to require at most a statement of net worth. For the first time, Flag asked for a protective order to limit use and disclosure of the financial information. Mission adopted Flag’s memorandum.
Florida Rule of Civil Procedure 1.340(a) provides that a party shall serve answers or objections to interrogatories within forty-five days after service. Likewise, rule 1.350(a) provides that a written response shall be filed to a request to produce within forty-five days after service, which shall include the objections and reasons therefor. In this case, the objections made below in a timely manner were limited to claims that the discovery requested was irrelevant, immaterial and not calculated to lead to admissible evidence, and premature under section 768.72. The claim of being overbroad was raised for the first time in the post-hearing memorandum, as was the request for a protective order to limit disclosure of the information. This is two years late.
But assuming that the objections on grounds of overbreadth were timely made, as pointed out in First City Developments of Florida, Inc. v. Hallmark of Hollywood Condominium Association, Inc., 545 So.2d 502 (Fla. 4th DCA 1989), an objection to a discovery request as being overbroad or burdensome, standing alone, is not a proper basis for granting certiorari relief. Further, petitioners do not explain why the discovery requests are overbroad, except to argue for protection afforded by the First Amendment. U.S. Const. Amend. I.
On the merits, I question whether the ordered discovery violates the First Amendment of the United States Constitution.. The cases relied on by petitioners involve a government agency requiring the disclosure of membership lists. See, e.g., Bates v. City of Little Rock, 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960); NAACP v. Alabama, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); United States v. Church of World Peace, 775 F.2d 265 (10th Cir.1985); United States v. Life Science Church of America Chapter No. 10075, 636 F.2d 221 (8th Cir. *844 1980); United States v. Holmes, 614 F.2d 985 (5th Cir.1980); United States v. Church of Scientology of Boston, Inc., 739 F.Supp. 46 (D.Mass.1990), affirmed, 933 F.2d 1074 (1st Cir.1991). In this case, no government agency is involved and no membership lists have been requested, which could have an indirect chilling effect on the freedom of association. Respondents are seeking net and average income figures, not disclosure of the identity of the individual contributors. Nor is there any threat of government entanglement or interference. The only governmental involvement is to order a response to discovery requests, which has been held not to constitute a potential threat to the free exercise of religion. See Ambassador College v. Geotzke, 675 F.2d 662 (5th Cir.1982), cert. denied, 459 U.S. 862, 103 S.Ct. 138, 74 L.Ed.2d 118 (1982). See also Roberts-Douglas v. Meares, 624 A.2d 405 (D.C.App.1992); In re The Bible Speaks, 69 B.R. 643 (D.Mass.1987); In re Contemporary Mission, Inc., 44 B.R. 940 (D.Conn.1984); Hutchison v. Luddy, 414 Pa.Super. 138, 606 A.2d 905 (1992).
In the present case, the information sought is relevant to the punitive damages claim and the civil action does not involve any improper governmental entanglement or demonstrate any chilling effect on the free exercise of religion. To sustain petitioners’ position, it is necessary to carve out some kind of blanket immunity from all discovery for religious organizations. The majority opinion asks the trial court to limit the discovery on remand. It is abundantly clear, however, that there are no guidelines as to how this should be properly done. In a civil action against a church involving a secular claim, it appears that the church stands in the same shoes as any other litigant. To be discoverable, the matter sought to be discovered must simply be relevant to the subject matter and not privileged. Fla.R.Civ.P. 1.280. The discovery sought here passes both tests.
In Tennant v. Charlton, 377 So.2d 1169 (Fla.1979), the court considered the extent of discovery to be allowed on a punitive damage claim. The court quoted Donahue v. Hebert, 355 So.2d 1264, 1265 (Fla. 4th DCA 1978), with approval as follows:
[It] is the height of naivete’ to suggest that a sworn statement of one’s net worth must be accepted as the final word on that important subject. The search for forgotten or hidden assets is of the essence of the discovery process.... One must be afforded reasonable latitude in double and cross cheeking a party’s statements about his current net worth. This, of course, can be done by reviewing income tax returns, recent financial statements, and the myriad of other sources of financial information.
The supreme court in Tennant did indicate that a trial court should always be sensitive to the protection of a party from harassment and from overly burdensome inquiry and pointed out that Florida Rule of Civil Procedure 1.280(c) provides that, for good cause shown, a protective order may be issued to protect a party from annoyance, embarrassment, oppression, or undue burden or expense as justice requires.
However, the petitioners in this case made no motion pursuant to rule 1.280. In fact, there is no mention in any of the pleadings below that the discovery requests result in annoyance, embarrassment, oppression or undue burden. At the hearing, there was an objection made to the overburdensomeness of an unrelated discovery request, with petitioners claiming it would take 600 hours to obtain the material sought in the unrelated request. The trial court was unsympathetic, noting that petitioners had two years to locate and produce the requested documents. Regardless, no similar claim was made as to the items challenged in this petition.
It should also be noted that respondents argue that the financial information sought is not relevant only to the punitive damages issue. In the hearing and respondents’ memorandum filed below, it is argued that the information is relevant to establishing a conspiracy to defraud between the petitioners based in part on evidence of the financial interrelationships between the organizations as shown by the discovered financial records. Therefore, respondents contend that the discovery is relevant and allowable as to a substantive element of their complaint.
*845 In my view, the petitioners have failed to establish that the trial court abused its discretion in allowing and compelling the discovery requested. The legal sufficiency of the punitive damage claim was established at the beginning of the case, and cannot now timely be raised on certiorari review. Only limited objections to the discovery were timely made. The overbroad objections were not only untimely but conclusory. Further, the request for protection from overbroad discovery and disclosure of the information was raised for the first time in petitioners’ post-hearing memoranda. Thus, I would deny the petition of certiorari in tato.