DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VITAL PHARMACEUTICALS, INC.,**
a Florida corporation,
Petitioner,

v.

**CHERYL OHEL,**
Respondent.

No. 4D20-1407

[October 14, 2020]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE-18-007709 (12).

Alexandra Valdes and Lissette Gonzalez of Cole, Scott & Kissane, P.A., Miami, for petitioner.

Chris Kleppin and Allyson Morgado of The Kleppin Law Firm, Plantation, for respondent.

PER CURIAM.

Petitioner Vital Pharmaceuticals, Inc. seeks certiorari review of an order compelling it to produce "financial worth" discovery in an employment discrimination case under the Florida Civil Rights Act (FRCA), where the former employee's complaint requested punitive damages. Petitioner claims that the court departed from the essential requirements of law in allowing financial worth discovery because there has been no showing of a factual basis for punitive damages and the discovery is overly broad and invasive. We conclude that the trial court departed from the essential requirements of law by failing to consider whether an actual factual basis exists to support punitive damages. We therefore grant the petition and quash the order. As discussed below, trial courts retain broad discretion to control financial worth discovery under the circumstances of each case.

***Background***

Respondent filed a complaint against petitioner, Vital Pharmaceuticals, Inc., her former employer, for an alleged violation of the FCRA. She claimed that petitioner terminated her for discriminatory reasons. She sought both compensatory and punitive damages. Petitioner answered, denying any discrimination. Discovery commenced.

Two years into the litigation, respondent filed a request for production of documents concerning petitioner's financial worth. Petitioner objected because there had been no determination that a reasonable evidentiary basis for the recovery of punitive damages existed and the request was overly burdensome where the FCRA caps punitive damages at $100,000. Petitioner offered to provide a statement of its net worth and to stipulate that it had the ability to pay $100,000 in punitive damages, if awarded.

Respondent moved to compel the financial discovery. At a hearing on the motion, respondent's counsel offered to limit the discovery to three years and to the production of only certain documents. Responding to the effect of the FCRA damage cap, he noted that the jury is not informed of the cap. Thus, the assessment of punitive damages requires a plaintiff to show the reasonableness of the amount, which would require evidence of the defendant's financial worth.

Petitioner countered that the financial discovery constituted an "unfettered fishing expedition." No depositions had been taken, and not only had no proof been adduced to form a reasonable basis for punitive damages, there was no proof to support the validity of the underlying claim. Noting that petitioner was a substantial company whose amount of financial resources was available by searching the internet, petitioner contended that the requested financial discovery was burdensome and intrusive. Because the FCRA limits punitive damages to $100,000, petitioner suggested it provide a general statement of net worth and a stipulation that it can satisfy a punitive damage award of $100,000.

The trial court concluded that because the FCRA allowed a claim for punitive damages without inquiry into its evidentiary basis, it would allow discovery for the respondent to obtain information to prove the amount of punitive damages being sought. The court limited the type of documents and the scope of the requests to three years. Petitioner then filed this request for certiorari relief.

### Discussion

As to discovery of financial information, we have explained:

2

> Trial court rulings on discovery issues must stand except in extraordinary cases. *See Martin–Johnson, Inc. v. Savage*, 509 So. 2d 1097, 1099-1100 (Fla. 1987). While the potential invasion of privacy may provide a threshold showing of irreparable harm, certiorari may be granted only where the petitioner "affirmatively establishe[s]" that the financial information is irrelevant to any issue in the litigation and not likely to lead to the discovery of admissible evidence. *See Bd. of Trs.*, 99 So. 3d at 457 (*quoting Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 95 (Fla. 1995)). The heavy burden in a certiorari proceeding is on the petitioner, who must show that the trial court's order departs from the essential requirements of law. Where the petitioner fails to clearly establish that the financial information is wholly irrelevant to any issue in the litigation, certiorari is inappropriate. *See id.*

*Elsner v. E-Commerce Coffee Club*, 126 So. 3d 1261, 1263 (Fla. 4th DCA 2013).

Section 768.72, Florida Statutes, was enacted in 1986 to resolve the problem of litigants using punitive damage claims to obtain pre-judgment financial worth discovery from defendants. As this Court has observed:

> Discovery of personal financial information in civil cases-other than divorce-is generally irrelevant and is usually prohibited before final judgment. For a long time, one way around this ban was to allege a claim for punitive damages, thereby making the defendant's personal wealth ostensibly relevant even without a judgment. But the legislature removed that dodge several years ago. *See* § 51, Ch. 86-160, Laws of Fla. Now no such discovery is permitted until the trial judge determines there is a valid claim for punitive damages to use as the predicate for such discovery.

*All About Cruises, Inc. v. Cruise Options, Inc.*, 889 So. 2d 905, 908 (Fla. 4th DCA 2004) (Farmer, J., concurring specially) (footnotes omitted). The punitive damages statute provides (in relevant part):

> (1) In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure.

3

. . . Underline: No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

§ 768.72(1), Fla. Stat. (2019) (emphasis supplied).

The FRCA, however, exempts a discrimination claim from section 768.72 and provides (in relevant part) as follows:

> (5) In any civil action brought under this section, the court may issue an order prohibiting the discriminatory practice and providing affirmative relief from the effects of the practice, including back pay. The court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. The provisions of ss. 768.72 and 768.73 do not apply to this section. The judgment for the total amount of punitive damages awarded under this section to an aggrieved person shall not exceed $100,000.

§ 760.11(5), Fla. Stat. (2019) (emphasis supplied).

Before section 768.72 was enacted, the Florida Supreme Court recognized the duty and ability of trial courts under Florida Rule of Civil Procedure 1.280(c) to protect litigants from harassing and overburdensome discovery in punitive damage cases. *Tennant v. Charlton*, 377 So. 2d 1169 (Fla. 1979) (approving of *Donahue v. Hebert*, 355 So. 2d 1264 (Fla. 4th DCA 1978)). Quoting from *Donahue*, the court did not require a plaintiff to accept a statement of net worth as the only proof of a defendant's financial assets. However, the court cautioned that a trial court should protect a party from overly burdensome or harassing discovery:

> In *Donahue*, the court also correctly recognized that the trial court should always be sensitive to the protection of a party from harassment and from an overly burdensome inquiry. Florida Rule of Civil Procedure 1.280(c) provides that for good cause shown, the trial court may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires. The trial court should keep in mind that in most punitive damages cases, at the time plaintiffs are seeking discovery of defendants' financial resources, there has not yet been a judicial determination of the defendants' liability. If plaintiffs were allowed unlimited discovery of defendants' financial

4

resources in cases where there is no actual factual basis for an award of punitive damages, the personal and private financial affairs of defendants would be unnecessarily exposed and, in some cases, the threat of such exposure might be used by unscrupulous plaintiffs to coerce settlements from innocent defendants. <u>In determining whether defendants' motion for protective order under rule 1.280(c) is "for good cause shown," the trial court may consider, among other things, whether or not an actual factual basis exists for an award of punitive damages.</u>

*Id.* at 1170 (emphasis supplied). Thus, while section 768.72 later made a factual basis for punitive damages a statutory requirement to obtain financial discovery in cases in which it is applicable, *Tennant* still constitutes the law in those cases involving punitive damages that are not governed by section 768.72, including the FCRA. A trial court may consider whether there is an actual factual basis to support a punitive damage claim when deciding whether to limit, deny, or delay discovery.

The petitioner argued strenuously at the hearing that there was no basis for punitive damages, and the court should not require production of financial information until a showing is made. The respondent argued that no showing was necessary because the statute allowed for an award of punitive damages. The court made the following ruling:

> Here, the statute in which the Plaintiff has filed her case under, already allows for a claim of punitive damages. So we've already gotten past that stage. They can make the claim for punitive damages. Now, this is just at the point where they have to obtain the information in order to prove up their claim for punitive damages and the amount that they're going to ask for.

The court did not consider whether there was an actual factual basis for punitive damages because it concluded that the statute precluded consideration of the issue. The court failed to follow *Tennant* in refusing to consider whether an actual factual basis for punitive damages exists before deciding whether to limit, delay, or deny financial worth discovery. The court's mistaken conclusion that it could not consider the issue is a departure from the essential requirements of law.

Respondent relies on *Kraft General Foods v. Rosenblum*, 635 So. 2d 106 (Fla. 4th DCA 1994), but that case is not applicable. In *Kraft*, we recognized that the *pleading* limitation contained in section 768.72 does

5

not apply under section 760.11(5) of the FCRA. *Kraft*, however, did not address financial discovery related to a punitive damage claim. Section 760.11(5) of the FCRA allows for the pleading of a punitive damage claim in the same manner allowed prior to the passage of section 768.72. The FCRA does not state that the ability to plead a claim automatically allows full financial worth discovery in every case.

The trial court departed from the essential requirements of law in failing to recognize its duty and ability under *Tennant* to protect a litigant from intrusive financial worth discovery when there is no actual factual basis for recovery of punitive damages.

Petitioner also claims that the production is overly burdensome, particularly where the FCRA caps the amount of punitive damages at $100,000. Generally, however, overbroad discovery is not alone a proper basis to grant certiorari review. *Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC*, 99 So. 3d 450, 456-57 (Fla. 2012). Because of the broad discretion of the trial court, the petitioner has not shown a departure from the essential requirements of law as to the scope of the discovery. *Rojas v. Ryder Truck Rental, Inc.*, 641 So. 2d 855, 857 (Fla. 1994) ("A trial court possesses broad discretion in overseeing discovery, and protecting the parties that come before it.").

Trial courts retain broad discretion to limit financial worth discovery under the circumstances of each case and may consider the $100,000 cap that the legislature has placed on punitive damages under the FCRA. Our denial on this point should not be construed as approving of the scope of the discovery allowed in this case. The trial court retains discretion to limit, delay, or deny the discovery in this case as called for by the circumstances.

By adopting section 768.72, the legislature sought to curtail intrusive financial worth discovery on unfounded punitive damage claims. The court in *Tennant* explained:

> If plaintiffs were allowed unlimited discovery of defendants' financial resources in cases where there is no actual factual basis for an award of punitive damages, the personal and private financial affairs of defendants would be unnecessarily exposed and, in some cases, the threat of such exposure might be used by unscrupulous plaintiffs to coerce settlements from innocent defendants.

377 So. 2d at 1170.

As our supreme court has said:

> Discovery was never intended to be used as a tactical tool to harass an adversary . . . ; nor was it intended to make the discovery process so expensive that it could effectively deny access to information and witnesses or force parties to resolve their disputes unjustly. To allow discovery that is overly burdensome and that harasses, embarrasses, and annoys one's adversary would lead to a lack of public confidence in the credibility of the civil court process.

*Elkins v. Syken*, 672 So. 2d 517, 522 (Fla. 1996).

We doubt that the legislature intended to allow broad and intrusive financial worth discovery in every case brought under the FCRA. In the absence of any statutory change, however, trial courts must exercise discretion and consider the circumstances of each case when determining the appropriate scope of discovery. Trial courts should exercise their discretion to prevent overly burdensome discovery, reduce litigation costs, and preserve confidence in the judicial process.

Because we grant the petition to reconsider the issue of the actual factual basis for punitive damages in determining the scope of discovery, the trial court is also free to reconsider its scope, if it deems it appropriate.

*Petition granted; order quashed.*

LEVINE, C.J., and FORST, J., concur.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

I concur in the majority opinion. I write to comment on the scope of financial worth discovery.

Section 760.11(5), Florida Statutes (2019) creates a statutory cause of action for violations of the Florida Civil Rights Act. That section permits the award of punitive damages, the amount of which shall not to exceed $100,000 to an "aggrieved person." It does not limit the financial discovery, but as the majority notes, it is doubtful that the legislature would have intended to allow broad and intrusive discovery in every FRCA claim.

Because of the cap, to require financial discovery in many cases may be so out of proportion to the maximum amount of punitive damages recoverable under the cap as to appear as a form of harassment. For instance, would a plaintiff be entitled to three years of tax returns, financial statements, and bank statements from a Fortune 500 company accused of a FCRA violation, when a plaintiff could recover only $100,000 in punitive damages? A company may be forced to settle an unjust claim, simply because the cost of litigation and production of financial information is greater than the cost to settle.

It would seem that the $100,000 cap appears to untether the award from any consideration of the wealth of the defendant, which may make financial discovery largely unnecessary. While generally a party's financial worth is relevant to a punitive damage claim because the monetary sanction must be sufficient to "punish" the defendant in light of the defendant's overall financial situation, that principle has little relevance when the cap is $100,000 and the company is a large and successful corporation. For large publicly traded companies, substantial financial information may be available with no discovery at all. On the other hand, if the company is defending on the ground that it does not have the ability to pay any punitive damage amount, more discovery may be needed.

Because of the modest cap, a sworn financial statement may be appropriate, at least as a first step, in such a case, rather than three years of financial statements and tax returns. If the financial statement shows millions of dollars in net worth, why would a plaintiff need more proof in a FCRA punitive damage claim?

At the hearing before the trial court, respondent noted that many trial courts have granted similar discovery requests. I do not know the size of those companies or the facts of each case, but if similar discovery requests are routine in FCRA cases, this poses an undue burden on companies. If such intrusive, burdensome discovery is the norm throughout the state, legislative intervention may be necessary to curb abusive discovery.

We should applaud the legislature's creation of a statutory claim to remedy discriminatory practices, including the allowance of punitive damages, particularly in cases where the discrimination is egregious, but the compensatory damages are small. The ability to bring such a claim should not be threatened by harassing litigation tactics.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***